1   DAVID R. EBERHART (S.B. #195474)
    deberhart@omm.com
2   VICTORIA L. WEATHERFORD (S.B. #267499)
    vweatherford@omm.com
3   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
4   San Francisco, California  94111-3823
    Telephone:   (415) 984-8700
5   Facsimile:   (415) 984-8701

6   Attorneys for Nonparty
    APPLE INC.
7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

12   TOTO, INC.,                           Misc. Case No.

13              Plaintiff,                  Underlying Case No.: 12-civ-1434 (RJS)
                                            (Action Pending in Southern District of
14        v.                                New York) ("Underlying Litigation")

15   SONY MUSIC ENTERTAINMENT,             **NONPARTY APPLE INC.'S NOTICE
                                           OF MOTION AND MOTION TO
16              Defendant.                  QUASH SUBPOENA ISSUED JULY 15,
                                           2013 AND FOR PROTECTIVE
17                                          ORDER; MEMORANDUM OF POINTS
                                           AND AUTHORITIES IN SUPPORT
18                                          THEREOF**

19                                          Date:   TBD
                                            Time:   TBD
20                                          Judge:  TBD

21

22

23

24

25

26

27

28

1  **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA**

2  **ISSUED JULY 15, 2013 AND FOR PROTECTIVE ORDER**

3  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

4     PLEASE TAKE NOTICE that as soon as counsel may be heard, nonparty Apple Inc.

5  ("Apple") will and hereby does move the Court for an Order quashing the subpoena served on it

6  by Toto, Inc. ("Toto") and for a protective order. This motion is made under Federal Rules of

7  Civil Procedure 26(c) and 45. Pursuant to Civil Local Rule 37-1, counsel for Apple and for Toto

8  met and conferred regarding the issues and were unable to reach a resolution.

9     This motion is based upon this Notice, the accompanying Memorandum of Points and

10 Authorities, the Declaration of David R. Eberhart, the Court's records and files of this action, and

11 such evidence and argument as may be presented at the hearing on the motion.

12

13    Dated: August 13, 2013

14                              DAVID R. EBERHART
                               VICTORIA L. WEATHERFORD
15                             O'MELVENY & MYERS LLP

16                             By:
17                                    David R. Eberhart
                               Attorneys for Nonparty
18                             Apple Inc.

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    INTRODUCTION ................................................................................................ 1

4    II.    STATEMENT OF FACTS ................................................................................... 2

5        A.      Digital Download Actions: *FBT and Toto* ............................................... 2

6
7               1.      *FBT* Sequentially Limited, And Ultimately Denied, The Relevance Of The Intent Of Parties To Retailer Agreements ................................ 3

8
9               2.      The Court's Rulings And Parties' Positions In The Current *Toto* Action Excluded The Relevance Of The Intent Of Parties To Retailer Agreements ....................................................................... 4

10        B.      THE SUBPOENA TO APPLE ....................................................................... 5

11    III.    ARGUMENT ...................................................................................................... 6

12        A.      The Subpoena Is Defective On Its Face And Must Be Quashed ................. 7

13        B.      The Subpoena Imposes An Undue Burden On Apple And Must Be Quashed ................................................................................................... 7

14
15               1.      The Subpoena seeks documents and testimony irrelevant to the recording agreements at issue ................................................... 8

16
17               2.      The Subpoena imposes a heavy burden on Apple disproportionate to the value of the case ................................................................ 10

18        C.      The Subpoena does not allow a reasonable time to comply ..................... 11

19        D.      In the alternative, the subpoena should be narrowed further ................... 11

20    IV.    CONCLUSION ................................................................................................ 11

21

22

23

24

25

26

27

28

- ii -

1

**TABLE OF AUTHORITIES**

2

Page

3 **CASES**

4 *CF & I Steel Corp. v. Mitsui & Co.*,
713 F.2d 494 (9th Cir. 1983)...........................................................................................7
5

*Compaq Computer Corp. v. Packard Bell Elec.*,
6 163 F.R.D. 329 (N.D. Cal. 1995)....................................................................................8

7 *CopyTele, Inc. v. E Ink Holdings, Inc.*, --- F. Supp. 2d ---,
No. 13-CV-378, 2013 WL 3456737 (N.D. Cal July 9, 2013)........................................9
8

*Dart Indus. Co. v. Westwood Chem. Co.*,
9 649 F.2d 646 (9th Cir. 1980)..........................................................................................10

10 *Eight Mile Style, LLC et al. v. Apple Computer, Inc. et al.*,
No 2:07-CV-13164 .........................................................................................................3
11

*Exxon Shipping Co. v. U.S. Dep't of Interior*,
12 34 F.3d 774 (9th Cir. 1994)..............................................................................................6

13 *F.B.T. Productions, LLC, et al. v. Aftermath Records, et al.*,
621 F.3d 958 (9th Cir. 2010)............................................................................................4
14

*Geller v. Von Hagens*,
15 No.11-CV-80269, 2012 WL 1413461 (N.D. Cal. Apr. 23, 2012) ...................................8

16 *Gonzales v. Google, Inc.*,
234 F.R.D. 674 (N.D. Cal. 2006)................................................................................8, 10
17

*High Tech Med. Instr., Inc. v. New Image Ind., Inc.*,
18 161 F.R.D. 86 (N.D.Cal.1995)..........................................................................................7

19 *Mattel, Inc. v. Walking Mountain Productions*,
353 F.3d 792 (9th Cir. 2003)............................................................................................8
20

*Nidec Corp. v. Victor Co. of Japan*,
21 249 F.R.D. 575 (N.D. Cal. 2007)....................................................................................10

22 *Rankine v. Roller Bearing Co. of Am., Inc.*,
No., 2013 WL 3992963 (S.D. Cal. Aug. 5, 2013) .......................................................7, 8
23

*S.E.C. v. CMKM Diamonds, Inc.*,
24 656 F.3d 829 (9th Cir. 2011).............................................................................................6

25 *S.F. Bay Area Rapid Transit Dist. v. Spencer*,
No. 04-CV-4632, 2006 WL 2734284 (N.D. Cal. Sept. 25, 2006) ...................................7
26

*Soto v. Castlerock Farming and Trans., Inc.*,
27 2011 WL 2680839 (E.D. Cal. 2011)...............................................................................10

28

APPLE'S NOTICE OF MOT. AND MOT. TO
QUASH SUBPOENA AND FOR PROTECTIVE
ORDER – 12-CV-1434 (RJS) (S.D.N.Y.)

*Toto, Inc. v. Sony Music Entertainment*,
No. 12-CV-1434 (RJS), Dkt. No. 59.................................................................................... 5

*Toto, Inc. v. Sony Music Entm't*,
2013 U.S. Dist. LEXIS 5996 (S.D.N.Y. Jan. 15, 2013)........................................................ 1

*Tourgeman v. Collins Fin. Servs., Inc.*,
No. 08-CV-1392, 2009 WL 3073714 (S.D. Cal. May 4, 2009)............................................ 7

*U.S. v. Columbia Broadcast. Sys., Inc.*,
666 F.2d 364 (9th Cir. 1982)......................................................................................... 8, 10

**RULES**

Fed. R. Civ. P. 26 ............................................................................................................... 8

Fed. R. Civ. P. 26(b)(1)....................................................................................................... 8

Fed. R. Civ. P. 26(b)(2)(C) ................................................................................................. 8

Fed. R. Civ. P. 26(c)(1)....................................................................................................... 7

Fed. R. Civ. P. 45 ............................................................................................................... 8

Fed. R. Civ. P. 45(b)(1)................................................................................................. 2, 6, 7

Fed. R. Civ. P. 45(c)(1)....................................................................................................... 2

Fed. R. Civ. P. 45(c)(2)(b) .................................................................................................. 6

Fed. R. Civ. P. 45(c)(3)(a)(i)............................................................................................. 11

Fed. R. Civ. P. 45(c)(3)(A)(iv)........................................................................................ 2, 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APPLE'S NOTICE OF MOT. AND MOT. TO
QUASH SUBPOENA AND FOR PROTECTIVE
ORDER – 12-CV-1434 (RJS) (S.D.N.Y.)

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.  INTRODUCTION**

3      Musical group Toto recently served Apple with a broad subpoena for documents and
4  testimony. Because multiple courts have ruled that the documents and testimony sought are
5  irrelevant to any claim or defense in the pending litigation, and because Toto has taken the same
6  position when it suits Toto's purposes, the subpoena should be quashed in its entirety. The
7  subpoena should also be quashed for a fatal technical deficiency.

8      Toto is engaged in an accounting dispute with Sony Music Entertainment ("Sony") over
9  royalty payments related to Toto musical works. That action (the "*Toto* action") is pending in the
10  United States District Court for the Southern District of New York. One part of that royalty
11  dispute, valued by Toto's complaint at less than $200,000, involves royalties from Sony's
12  interactions with third-party retailers of digital music downloads like Apple's iTunes Store
13  service. (Declaration of David R. Eberhart ("Eberhart Decl.") Ex. C (Amended Complaint in
14  *Toto, Inc. v. Sony Music Entertainment* ("*Toto* Complaint") ¶¶ 61-74). That service allows users
15  to, among other things, obtain digital music downloads. Apple is not, and has never been, a party
16  to the pending litigation.

17      A few weeks before the close of deposition discovery, Toto served Apple with a subpoena
18  from this Court for sixteen categories of documents and thirteen categories of testimony that, by
19  any measure, is oppressive and reaches far beyond the bounds of relevant discovery under Rule
20  26. (Eberhart Decl. Ex. A (Toto subpoena to Apple (the "Subpoena")).) The Subpoena is largely
21  identical to a 2008 subpoena that Toto's now-counsel issued to Apple in *F.B.T. Productions, LLC*
22  *v. Aftermath Records, et al.*, (the "*FBT* action"), in the United States District Court for the Central
23  District of California. (Eberhart Decl. Ex. E (January 11, 2008 subpoena to Apple ("*FBT*
24  Subpoena")).) The *FBT* court found that subpoena to be overbroad and almost entirely
25  unenforceable. (Eberhart Decl. Ex. F (Apr. 29, 2008 Minute Order).) After Toto's counsel was
26  confronted with this fact during a recent meet and confer, Toto agreed to narrow its document
27  requests in a manner purportedly analogous to the narrowing ordered by the *FBT* court:

28

APPLE'S NOTICE OF MOT. AND MOT. TO
QUASH SUBPOENA AND FOR PROTECTIVE
ORDER – 12-CV-1434 (RJS) (S.D.N.Y.)

1            (1) drafts and negotiating correspondence regarding Apple's retailer agreements with
          Sony collected from the principal negotiators' files,

2

3            (2) a royalty report for sales of Toto's works through the iTunes Store service during the
          period at issue in the litigation, and

4            (3) a deposition regarding (1-2).

5  (Eberhart Decl. ¶ 6.) Because the burden of (2) is not significant, but without conceding the

6  discoverability of the material, Apple will provide (2). For multiple reasons however, the

7  Subpoena's requests for retailer agreement negotiations and a deposition should be denied.

8          Multiple rulings by the courts, reinforced by the parties' positions in the *Toto* action,

9  demonstrate that Apple's negotiations and correspondence with Sony regarding the Apple-Sony

10  *retailer agreements* have no relevance to Toto's accounting dispute with Sony regarding the

11  Toto-Sony *recording agreements*. Among other things, the *FBT* court not only severely

12  restricted the 2008 *FBT* subpoena, but that court later ruled that much of the material sought—

13  including statements by individuals who did not negotiate the *recording agreements*—should be

14  excluded at trial. On appeal, moreover, the Ninth Circuit Court of Appeals further restricted the

15  scope of relevant evidence in these types of disputes by finding dispositive the fact that third

16  parties (like Apple) were permitted to use the recordings and without considering in any way the

17  negotiation of or intent regarding any *retailer agreements*. Further, and although the docket

18  information available to Apple is limited, it appears that the *Toto* court has refused to compel

19  Sony to produce the same documents that Toto now seeks from Apple. The Subpoena must be

20  quashed because it imposes an undue burden on Apple and, independently, because Toto failed to

21  provide the witness fee and mileage required by Federal Rule of Civil Procedure 45(b)(1). *See*

22  Fed. R. Civ. P. 45(b)(1), (c)(1), (c)(3)(A)(iv).

23  **II.  STATEMENT OF FACTS**

24          **A.  Digital Download Actions: *FBT and Toto***

25          This dispute arises in the context of many years of litigation between media companies,

26  like Sony, and recording artists, like Toto. That history shows that the Subpoena should be

27  quashed.

28

APPLE'S NOTICE OF MOT. AND MOT. TO
QUASH SUBPOENA AND FOR PROTECTIVE
ORDER – 12-CV-1434 (RJS) (S.D.N.Y.)

1

**1. *FBT* Sequentially Limited, And Ultimately Denied, The Relevance Of The Intent Of Parties To Retailer Agreements**

2

3

4

5

6

7

8

9

In 2007, F.B.T. Productions, LLC ("FBT") and Em2M, LLC sued Aftermath Records ("Aftermath"), Interscope Records, UMG Recording, Inc. ("Universal") and Ary, Inc., in the United States District Court for the Central District of California, asserting claims for breach of contract and declaratory relief (the "*FBT* action")[1] related to recording agreements and royalty payments for the works of Marshal B. Mathers III (professionally known as Eminem) (the "Eminem-Aftermath recording agreements"). A royalty provision for digital downloads in recording agreements with Aftermath—a Universal subsidiary—was at issue in the *FBT* action; a similar provision is in dispute in the *Toto* action.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Mr. Richard Busch, an attorney with the law firm King & Ballow, was counsel for FBT—which owned the rights to the Eminem works—and is counsel for Toto in the *Toto* action. In 2008, FBT issued a document subpoena to nonparty Apple (the "*FBT* Subpoena"). (*See* Eberhart Decl. Ex. E (January 11, 2008 subpoena to Apple ("*FBT* Subpoena").) The *FBT* Subpoena was litigated and Magistrate Judge Margaret Nagle denied outright seven of the nine requests. (Eberhart Decl. Ex. F (Apr. 29, 2008 Minute Order).) Judge Nagle further severely limited the scope of the two remaining requests—those that correspond to *Toto* Subpoena requests numbers 1 and 12—to the Apple-Universal agreements for the Eminem works, drafts and communications regarding those agreements maintained in the files of the principal negotiators of those agreements, and for Eminem music download reports. (*Id.*) Later, Judge Philip Gutierrez ruled that the scope of relevant evidence was even narrower: the court granted FBT's motion *in limine* to exclude evidence of the use of the term "license" by individuals who were not parties to and did not negotiate the Eminem-Aftermath recording agreements, including Apple executives Steve Jobs and Eddie Cue. (*FBT*, No. 07-CV-3314, Dkt. No. 223 (Dec. 18, 2008 Motion in Limine #6);

25

26

27

28

[1] The *FBT* action (No. 07-CV-3314) consisted of two consolidated cases, Nos. 08-CV-1563 and 07-CV-3314. The *FBT* action also engaged in coordinated discovery with a different action, *Eight Mile Style, LLC et al. v. Apple Computer, Inc. et al*, No 2:07-CV-13164 (the *"Eight Mile* action"), which was brought in the United States District Court for the Eastern District of Michigan and involved claims of infringement of composition copyrights to nearly 100 Eminem musical works on Apple's iTunes store and in which Apple was a defendant. Mr. Busch represented Eight Mile Style in the *Eight Mile* action.

- 3 -

1   *FBT*, No. 07-CV-3314, Dkt. No. 404. (Feb. 9, 2009 Minute Order).) Later, the Ninth Circuit
2   found the Eminem-Aftermath recording agreements to be unambiguous and, more importantly,
3   the court never found in any way relevant the intent of the parties to any retailer agreement
4   (including any Apple agreement). 621 F.3d 958 (9th Cir. 2010). Instead, the court wrote, "it was
5   undisputed that Aftermath permitted third parties to use the Eminem masters to produce and sell
6   permanent downloads and mastertones." *Id.* at 967. The intent of the parties to the retailer
7   agreements had no bearing on the relevant issues.

8
9

    **2.    The Court's Rulings And Parties' Positions In The Current *Toto* Action Excluded The Relevance Of The Intent Of Parties To Retailer Agreements**

10       Toto sued Sony on February 27, 2012, in the United States District Court for the Southern
11   District of New York, asserting claims for breach of contract, breach of the duty of good faith and
12   fair dealing, accounting, and declaratory relief related to royalty payments under Toto's
13   agreements with Sony. One claim relates to royalty payments for digital downloads. (Eberhart
14   Decl. Ex. C (*Toto* Complaint) ¶¶ 61-74.) Toto contends that the outcome of this claim is dictated
15   by the Ninth Circuit's *FBT* opinion. (*Id.* ¶ 68.)

16       On June 3, 2013, Toto and Sony submitted a joint letter to Judge Sullivan outlining certain
17   discovery disputes, including a dispute relevant to the Subpoena. (Eberhart Decl. Ex. G ("Joint
18   Discovery Letter").) As the Joint Discovery Letter explains, Toto sought from Sony drafts and
19   correspondence related to every retailer agreement between Sony and a third party—a request that
20   would include drafts and correspondence with Apple related to the Apple-Sony retailer
21   agreements. (*Id.* at 9.) On June 26, 2013, Judge Sullivan ruled on the Joint Discovery Letter and
22   did not order Sony to produce the requested drafts and communications. (Eberhart Decl. Ex. H
23   ("*Toto* Discovery Order").) Thus, the *Toto* court has precluded the same discovery from a party
24   that Toto now seeks from a third party: Apple.

25       The arguments of the *Toto* parties reinforce the irrelevance of the retailer agreement intent
26   evidence at issue. On July 26, 2013, Toto wrote to the court to request early summary judgment
27   briefing on its digital download claims, on the ground that the recording agreements are
28   unambiguous. (Eberhart Decl. Ex. D ("*Toto* letter").) That letter further clarifies that Apple's

1 | actions relevant to the litigation are not in dispute. As Toto wrote:

2 | There is no dispute Apple and other Music Download and Mastertone Providers are
unaffiliated third parties separate and apart from [Sony], and, as a matter of law, the
3 | relationship between [Sony] and Music Download and Mastertone Providers is a
lease/license and not a sale. *See, generally, F.B.T.,* 621 F.3d at 964-65. Just like in
4 | *F.B.T.,* the agreements between [Sony] and Music Download and Mastertone Providers
are leases/licenses under which "third party download vendors ... are authorized ... to ·
5 | create and distribute permanent downloads and mastertones in exchange for periodic
payments based on the volume of downloads, without any transfer in title of [Sony's]
6 | copyrights to the recordings." 621 F.3d at 965-66. *The agreements themselves will show*
that they grant permission for Music Download and Mastertone Providers to distribute
7 | permanent downloads, mastertones, and ringtones without transferring ownership of the
master recordings.
8 |
(*Toto* letter at 3 (citations omitted, emphasis added).) Moreover, a review of the record in the
9 |
*Toto* action provides no indication that either party has asserted that the Apple-Sony retailer
10 |
agreements—or any other retailer agreements—are ambiguous.[2] To the contrary, Toto urges in
11 |
the same letter quoted above that the "best evidence of what parties to a written agreement intend
12 |
is what they say in their writing." (*Id.*)
13 |
14 | **B.    THE SUBPOENA TO APPLE**

15 | On February 15, 2013, Judge Sullivan ordered that all fact discovery regarding Toto's

16 | digital download claims to be completed by September 17, 2013 and that all fact depositions be

17 | completed by August 7, 2013. (*Toto, Inc. v. Sony Music Entm't*, No. 12-CV-1434 (RJS), Dkt.

18 | No. 59.) Toto made no approach to Apple regarding production of documents or testimony until

19 | it served the Subpoena on July 16, 2013; the Subpoena bore a return date of August 5, 2013.

20 | (Eberhart Decl. Ex. A (Subpoena).)

21 | The Subpoena listed thirteen testimony topics and made sixteen document requests that

22 | fall into four categories: (1) the Apple-Sony retailer agreements and the parties' negotiation and

23 | intent, (2) Apple's performance under the Apple-Sony retailer agreements, (3) Apple's retailer

24 | agreements with third parties other than Sony or Toto, and (4) any use of the word "license," in

25 | any context, at any time, by Apple or any third party. (Eberhart Decl. Ex. A (Subpoena).) The

26 | document requests include, but are not limited to, every document request previously made to

27 | [2] The record in the *Toto* action is not entirely available to Apple, because many documents and
requests are submitted to the court informally by letter and do not appear on the docket unless
28 | endorsed by the court.

APPLE'S NOTICE OF MOT. AND MOT. TO
QUASH SUBPOENA AND FOR PROTECTIVE
ORDER – 12-CV-1434 (RJS) (S.D.N.Y.)

1    Apple in the *FBT* action, substituting "Sony" for "Universal." (*Compare* Eberhart Decl. Ex. E

2    (January 11, 2008 subpoena to Apple ("*FBT* Subpoena") *with* Eberhart Decl. Ex. A (Subpoena).)

3            Apple timely served Toto with written objections to the document requests under Fed. R.

4    Civ. P. 45(c)(2)(b) on July 30, 2013. (Eberhart Decl. Ex. B ("Apple Objections").) Apple

5    objected to the subpoena as invalid because Toto failed to tender the witness fee and mileage

6    required under Fed. R. Civ. P. 45(b)(1). (*Id.*) To Apple's knowledge, Toto has taken no steps to

7    cure this fatal defect. (Eberhart Decl. ¶ 2.)

8            Nine document requests are identical—substituting "Sony" for "Universal"—to the *FBT*

9    subpoena requests that Judge Nagle refused to enforce or dramatically limited. Specifically,

10   Subpoena document requests numbers 2, 3, 4, 7, 8, 9, 10, 11, and 12 are identical to the *FBT*

11   Subpoena request numbers 1 through 9. (*Compare* Eberhart Decl. Ex. E (*FBT* Subpoena) *with*

12   Eberhart Decl. Ex. A (Subpoena).) After Toto's counsel was confronted with the substantial

13   similarity during a meet and confer, Toto agreed to narrow the document requests and deposition

14   to purportedly correlate to the scope permitted by Judge Nagle in the *FBT* action: (1) drafts and

15   negotiating correspondence regarding Apple's retailer agreements with Sony collected from the

16   principal negotiators' files, (2) a royalty report for sales of Toto's works through the iTunes Store

17   service, and (3) a deposition regarding (1-2). (Eberhart Decl. ¶ 6 .) Apple has agreed to produce

18   the royalty report, but the Court should preclude production of the retailer agreement negotiations

19   materials and any deposition.[3]

20   **III.    ARGUMENT**

21           Federal Rules of Civil Procedure 26 and 45 govern discovery from nonparties by

22   subpoena. *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994)

23   (applying both rules to motion to quash subpoena). "[T]he issuing court, and not the court where

24   the underlying action is pending, has the authority to consider motions to quash or modify

25   subpoenas under Rule 45 of the Federal Rules of Civil Procedure." *S.E.C. v. CMKM Diamonds,

26   Inc.*, 656 F.3d 829, 832 (9th Cir. 2011). Likewise, any person subjected to a deposition "may

27
     _____
28   [3] To the extent some evidence is needed to authenticate or explain the royalty reports, that can be
     accomplished through a declaration.

move for a protective order . . . in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

### A.    The Subpoena Is Defective On Its Face And Must Be Quashed

As a preliminary matter, the subpoena must be quashed because it was never properly served. Federal Rule of Civil Procedure 45(b)(1) provides that: "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." *Id.*. Tender must be made at the time of service, and the failure to do so renders the subpoena invalid. *CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 495 (9th Cir. 1983) (finding tender thirty-four days after service and one week after notice of deficiency did not cure defect of subpoena duces tecum for testimony accompanied by documents); *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392, 2009 WL 3073714, at *1 (S.D. Cal. May 4, 2009) ("A subpoena is invalid when witness fees or mileage allowances are not tendered at the time the subpoenas are served."); *S.F. Bay Area Rapid Transit Dist. v. Spencer*, No. 04-CV-4632, 2006 WL 2734284, at *1 (N.D. Cal. Sept. 25, 2006).

Toto did not tender to Apple the one day's witness fees and mileage required by Rule 45(b)(1) for subpoenas that require a witness's attendance. (Eberhart Decl. ¶ 2.) Toto has had notice of this defect since at least July 30, 2013, when Apple served Toto with its written objections to the subpoena and objected on this ground, and Toto has made no attempt to correct this defect. (Eberhart Decl. Ex. B (Apple Objections) ¶ 17.) On this ground alone the subpoena must be quashed.

### B.    The Subpoena Imposes An Undue Burden On Apple And Must Be Quashed

While the federal rules generally allow for broad discovery, the Ninth Circuit "has a long-standing policy of affording extra protection to non-parties subject to discovery requests." *Rankine v. Roller Bearing Co. of Am., Inc.*, No., 2013 WL 3992963, at *3 (S.D. Cal. Aug. 5, 2013) (citing *High Tech Med. Instr., Inc. v. New Image Ind., Inc.*, 161 F.R.D. 86, 88 (N.D.Cal.1995)). This is because "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs

1    of a litigation to which they are not a party." *United States v. Columbia Broad. Sys., Inc.*, 666
2    F.2d 364, 371 (9th Cir. 1982). As such, Rule 45 provides that the issuing court must quash a
3    subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The
4    subpoena must be "tailored to request only information reasonably necessary to address specific
5    issues in the case." *Rankine*, 2013 WL 3992963, at *3 (citing *Mattel, Inc. v. Walking Mountain
6    Prods.*, 353 F.3d 792, 813 (9th Cir. 2003)). Furthermore, Rule 26 requires that discovery
7    methods be limited where "the discovery sought is unreasonably cumulative or duplicative, or is
8    obtainable from some source that is more convenient, less burdensome, or less expensive."
9    *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006); *see* Fed. R. Civ. P. 26(b)(2)(C).
10   "A court evaluating whether a subpoena is unduly burdensome . . . must consider such factors as
11   relevance, the need of the party for the documents, the breadth of the document request, the time
12   period covered by it, the particularity with which the documents are described and the burden
13   imposed." *Geller v. Von Hagens*, No.11-CV-80269, 2012 WL 1413461, at *3 (N.D. Cal. Apr. 23,
14   2012) (internal quotation marks and citations omitted).

15                    **1.    The Subpoena seeks documents and testimony irrelevant to the
16                            recording agreements at issue**

17          The subpoena should be quashed because none of the documents and testimony sought by
18   Toto are "reasonably calculated to lead to the discovery of admissible evidence" as required by
19   Rules 26 and 45 or "tailored to request only information reasonably necessary to address specific
20   issues in the case." *Rankine*, 2013 WL 3992963, at *3; *see* Fed. R. Civ. P. 26(b)(1). "[I]f the
21   sought-after documents are not relevant nor calculated to lead to the discovery of admissible
22   evidence, then *any burden whatsoever* imposed . . . would be by definition 'undue.'" *Compaq
23   Computer Corp. v. Packard Bell Elec.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (emphasis in
24   original). Apple's negotiations regarding the Apple-Sony *retailer agreements* are not relevant to
25   interpreting the Toto-Sony *recording agreements*. Accordingly, the Subpoena must be quashed.

26          The Subpoena is a misguided effort to obtain parol evidence of retailer agreements when,
27   at most, the intent of the parties to the Toto-Sony recording agreements might be at issue. Parol
28   evidence, however, is proper only when it goes toward showing the intent of the parties to the

                                                - 8 -        APPLE'S NOTICE OF MOT. AND MOT. TO
                                                             QUASH SUBPOENA AND FOR PROTECTIVE
                                                             ORDER – 12-CV-1434 (RJS) (S.D.N.Y.)

1  contract at issue. Black's Legal Dictionary ("evidence, extrinsic") (637 9th ed. 2009); *CopyTele,*

2  *Inc. v. E Ink Holdings, Inc.,* --- F. Supp. 2d ---, No. 13-CV-378, 2013 WL 3456737, at *6 (N.D.

3  Cal July 9, 2013). Apple is not a party to, and had no role in drafting or negotiating, the Toto-

4  Sony recording agreements. And, to Apple's knowledge, no party has asserted that the Apple-

5  Sony retailer agreements are ambiguous. Even if Toto or Sony made that claim, however, it

6  could not justify the discovery to Apple.

7        As noted above, multiple courts have concluded that intent evidence regarding ***retailer***

8  ***agreements*** is irrelevant when litigating the effect of ***recording agreements***. Although the

9  Central District of California initially permitted some discovery of intent evidence, it later

10  excluded from evidence uses of the word "license" by parties who did not negotiate the recording

11  agreements at issue. More importantly, the Ninth Circuit later ruled as a matter of law regarding

12  the effect of the retailer agreements on the recording agreements without in any way considering

13  or relying on intent evidence for any retailer agreements. And it appears that the *Toto* court has

14  refused to grant discovery regarding the intent of parties to retailer agreements and that neither

15  party in the *Toto* action has asserted that the Apple-Sony retailer agreements are ambiguous.

16  Finally, Toto has argued that "the agreements themselves will show" the evidence that Toto needs

17  for its claims.

18        To the extent that some court might later find that negotiation or intent regarding the

19  Apple-Sony retailer agreements were somehow relevant, only Sony's negotiation or intent would

20  be relevant: Apple is not a party to the Toto-Sony recording agreements and, no matter what

21  Apple intended when it negotiated for the Apple-Sony retailer agreements, Apple cannot be held

22  to have breached the Toto-Sony recording agreements at issue. If Toto contends that Sony

23  violated the Toto-Sony recording agreements by negotiating the Apple-Sony retailing agreements,

24  then Toto should obtain that evidence from Sony, not Apple. But this is so beyond the realm of

25  relevance that the *Toto* court appears to have declined to permit the discovery. In any event, Toto

26  cannot show that there is some relevant evidence that it cannot obtain from Sony and must obtain

27  from Apple.

28        The Subpoena should be quashed on this basis alone.

- 9 -

APPLE'S NOTICE OF MOT. AND MOT. TO
QUASH SUBPOENA AND FOR PROTECTIVE
ORDER – 12-CV-1434 (RJS) (S.D.N.Y.)

1

2

**2. The Subpoena imposes a heavy burden on Apple disproportionate to the value of the case**

3    The Subpoena imposes a burden on Apple that is disproportionate to a dispute that Toto
4  values at only \$200,000. To respond, Apple would be required to undertake new collections of
5  documents from multiple custodians, engage in an expensive privilege review (given that Apple
6  counsel were involved in the negotiating process), and prepare and defend an Apple witness at
7  deposition. (Eberhart Decl. ¶ 14.) These activities would constitute a substantial expense in
8  light of the amount in dispute. (*Id.*) Toto should not be permitted to force Apple to "subsidize an
9  unreasonable share of the costs of litigation to which [Apple is] not a party." *Columbia Broad.*
10 *Sys., Inc.*, 666 F.2d at 371; *see Gonzales*, 234 F.R.D. at 679-80 ("Underlying the protections of
11 Rule 45 is the recognition that "the word 'non-party' serves as a constant reminder of the reasons
12 for the limitations that characterize third-party discovery.'") (quoting *Dart Indus. Co. v.*
13 *Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)). This concern is particularly acute
14 because it appears that Judge Sullivan refused to force Sony to produce these same documents.
15 (Eberhart Decl. Ex. H (*Toto* Discovery Order).)

16    Even assuming *arguendo* that the Apple-Sony retailer agreements would have some
17 relevance to the interpretation of the Toto-Sony recording agreements, Apple should not bear the
18 burden of producing the requested material or testimony. "[W]hen an opposing party and a non-
19 party both possess documents, the documents should be sought from the party to the case." *Soto*
20 *v. Castlerock Farming and Trans., Inc.*, No. 1:09-cv-00701, 2011 WL 2680839, at *9 (E.D. Cal.
21 July 8, 2011) (citing *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)).
22 In addition to being wholly irrelevant to the issues in the *Toto* action, these documents and
23 testimony are equally available from Sony—indeed, as noted above, they are more available from
24 Sony because only Sony's intent might be relevant to the Toto-Sony recording agreements.
25 Apple should not bear the burden of producing documents that Sony has already produced or that
26 the court in the *Toto* action will not compel Sony to produce. Nor should Apple be required to
27 provide deposition testimony that has no relevance to the *Toto* action.

28

C.     **The Subpoena does not allow a reasonable time to comply**

Additionally, this Court should quash the subpoena because it does not give Apple a reasonable time to comply. Fed. R. Civ. P. 45(c)(3)(a)(i). Toto provided a return date of less than one month after Apple was served with the subpoena—a deadline that is insufficient given the voluminous nature of the documents sought and the time-consuming review that must occur due to the involvement of Apple counsel with the Apple-Sony negotiating process (involvement that created a substantial volume of privileged communications). (Eberhart Decl. Ex. A (Subpoena).) The subpoena should therefore be quashed on this ground as well.

D.     **In the alternative, the subpoena should be narrowed further**

Given the subsequent rulings of the *FBT* court, the Ninth Circuit, and the *Toto* court in narrowing the scope of relevance, the Subpoena should be narrowed further. At the very least, (1) Apple should be permitted a reasonable time period to collect, review, and produce any documents, and (2) Toto should be required to show why it needs deposition testimony in light of such documents. Again, Apple's intent cannot possibly violate the Toto-Sony recording agreements because Apple is not a party to those agreements. To the extent Sony's intent violated those agreements—which Apple has no reason to believe occurred—Toto should be required to obtain that evidence from Sony. And it was Toto's choice to wait until the twilight of discovery before serving the Subpoena; that is a strategic choice for which Toto, not Apple, should bear the cost.

IV.     **CONCLUSION**

For the foregoing reasons, Apple respectfully moves this Court to quash Toto's subpoena to Apple, and to issue a protective order barring Toto from conducting the requested discovery against Apple.

- 11 -

1

Dated: August 13, 2013

2

DAVID R. EBERHART
VICTORIA L. WEATHERFORD

3

O'MELVENY & MYERS LLP

4

By:

5

David R. Eberhart
Attorneys for Nonparty

6

Apple Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

APPLE'S NOTICE OF MOT. AND MOT. TO
QUASH SUBPOENA AND FOR PROTECTIVE
ORDER – 12-CV-1434 (RJS) (S.D.N.Y.)