United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOTO, INC., | No. C-13-mc-80168-MISC-JST (DMR) |
| Plaintiff(s), | **ORDER ON JOINT DISCOVERY LETTER [DOCKET NO. 18]** |
| v. | |
| SONY MUSIC ENTERTAINMENT, | |
| Defendant(s). | |
| _____/ | |

Before the court is a joint letter by Plaintiff Toto, Inc. ("Toto") and non-parties Apple Inc. ("Apple") and UMG Recordings, Inc. ("UMG") in which Plaintiff moves to compel the production of certain documents pursuant to its Rule 45 subpoena on Apple. [Docket No. 18 (Joint Letter).] The court held a hearing on February 13, 2014. For the reasons stated at the hearing and summarized here, the court DENIES Plaintiff's motion to compel.

## I. Background

This dispute between Toto and non-party UMG arises out of Toto's July 2013 service of a subpoena on Apple for documents Toto contends are relevant to its underlying dispute with Defendant Sony Music Entertainment ("Sony"), which is pending in the Southern District of New York ("the underlying action"). *See Toto, Inc. v. Sony Music Entertainment*, No. 12-cv-01434-RJS (S.D.N.Y. 2012). The underlying action involves royalty claims by the musical group Toto against Sony, which distributes its works. A central dispute in the litigation is whether Sony's agreements with non-party Apple, a digital content provider (the "Sony-Apple agreements"), are licenses. Toto contends that the Sony-Apple agreements are licenses, thus entitling Toto to a higher percentage of

1  the net receipts whenever Sony licenses Toto's master recordings.  Sony argues that the Sony-Apple
2  agreements are not licenses.  (Joint Letter 2.)
3        Toto served Apple with a subpoena seeking various categories of documents, including
4  Apple's agreements with UMG, another non-party, that were the subject of the Ninth Circuit's
5  decision in *F.B.T. Productions, LLC v. Aftermath Records*, 621 F.3d 958, 964-66 (9th Cir. 2010)
6  (the "Apple-UMG agreements").  Neither Toto nor Sony were parties to that litigation.  Apple
7  conditioned its production of the Apple-UMG agreements on UMG's consent, and UMG refused to
8  consent to the production.  Toto now seeks an order compelling Apple to produce the Apple-UMG
9  agreements.  (Joint Letter 2.)

## II.  Legal Standards

11        A subpoena may command a nonparty to produce designated documents, electronically
12  stored information, or tangible things in its possession, custody or control.  *See* Fed. R. Civ. P.
13  45(a)(1)(A)(iii).  Such items are properly discoverable if they relate to "any nonprivileged matter
14  that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  A relevant matter is "any
15  matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that
16  is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  "[T]he
17  party opposing discovery has the burden of showing that discovery should not be allowed, and also
18  has the burden of clarifying, explaining and supporting its objections with competent evidence."  *La.*
19  *Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).
20        In addition to the Rule 26 discovery standards incorporated by Rule 45, Rule 45 provides
21  that "on timely motion, the issuing court must quash or modify the subpoena if it . . . requires
22  disclosure of privileged or other protected matter . . . or subjects a person to undue burden."  Fed. R.
23  Civ. P. 45(c)(3)(A)(iii-iv).  "[I]f the sought-after documents are not relevant nor calculated to lead to
24  the discovery of admissible evidence, then *any burden whatsoever* imposed would be by definition
25  'undue.'"  *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal.
26  1995).  "Underlying the protections of Rule 45 is the recognition that 'the word "non-party" serves
27  as a constant reminder of the reasons for the limitations that characterize "third-party" discovery.'"
28  *RQ Const., Inc. v. Ecolite Concrete U.S.A., Inc.*, No. 09-CV-2728-BEN (WVG), 2010 WL 3069198,

at *1 (S.D. Cal. Aug. 4, 2010) (quoting *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)). "Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *RQ Const.*, 2010 WL 3069198, at *1 (citing *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)); *Gonzales v. Google*, 234 F.R.D. 674, 680 (N.D. Cal. 2006); *see also* Fed. R. Civ. P. 45(c)(3)(B)(iii).

### III. Discussion

Toto argues that the court should compel production of the Apple-UMG agreements because in *F.B.T.*, a case in which UMG was the defendant's parent company, the Ninth Circuit held that the Apple-UMG agreements were licenses as a matter of law. *F.B.T.*, 621 F.3d at 964-66. As noted, neither Toto nor Sony were parties to that litigation, nor is UMG a party to this litigation. However, Toto claims that it needs to obtain the Apple-UMG agreements to compare them to the Sony-Apple agreements at issue in this case "to determine whether the latter are substantively the same as the former, and are thus licenses as a matter of law under the *F.B.T.* decision." (Joint Letter 2.)

UMG makes several arguments in support of its position that the court should not allow discovery of the Apple-UMG agreements, but primarily argues that Toto's request is improper because discovery from a non-party based solely on the non-party's status as a party to a separate, unrelated lawsuit is improper and unwarranted. UMG argues that whether *F.B.T.* is applicable precedent in the underlying case is a legal question, and that if Toto believes that the Sony-Apple agreements are indistinguishable from the Apple-UMG agreements, it can highlight the Ninth Circuit's discussion about the Apple-UMG agreements to make that argument. However, it does not need to discover "highly confidential" agreements from a non-party to do so. In other words, according to UMG, whether any particular case is applicable precedent is not a proper subject for factual discovery from a non-party. (Joint Letter 3-4[1].)

The court agrees. Toto does not assert that UMG has any connection to Toto's agreements with Sony or to the Sony-Apple agreements, which are the actual agreements upon which Toto's

---

[1] In the joint letter, Apple reiterates its position that it conditions its production of the Apple-UMG agreements on UMG's consent. It makes no separate arguments. (Joint Letter 3.)

3

claims are based. Nor does Toto contend that the Apple-UMG agreements could illuminate any disputed factual issue in this case. Instead, Toto seeks the Apple-UMG agreements solely to go beyond the four corners of the *F.B.T.* decision in order to make arguments regarding purported similarities between the Apple-UMG agreements and the Sony-Apple agreements. As UMG notes, under Toto's logic, each time a party to a breach of contract case found another breach of contract case "that it considered potentially analagous and/or helpful, it would have a basis to obtain discovery of the contracts considered" in that case. (Joint Letter 4-5.) However, Toto cites no authority to support this extraordinary position. In *F.B.T.*, the Ninth Circuit concluded that the Apple-UMG agreements were licenses based on the terms of those agreements and the facts of that case, and set forth the court's reasoning for this conclusion. *See F.B.T.*, 621 F.3d at 964-66. As with any other case that Toto argues has precedential value, Toto can compare the facts of this case to the relevant facts and law the Ninth Circuit considered in *F.B.T*. A side-by-side comparison of the agreements in question is unnecessary and unsupported in law. As the requested documents are neither relevant nor calculated to lead to the discovery of admissible evidence, any burden whatsoever imposed on non-party UMG is by definition "undue." *See Compaq Computer*, 163 F.R.D. at 335-36. Accordingly, Toto's request for an order compelling the production of the Apple-UMG agreements is denied.

## IV.  Conclusion

Toto's request for an order compelling Apple to produce its agreements with UMG is denied.

IT IS SO ORDERED.

Dated: February 26, 2014



DONNA M. RYU
United States Magistrate Judge