UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOTO, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SONY MUSIC ENTERTAINMENT,<br><br>　　　　Defendant. | Case No. 13-mc-80168-JST<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSTIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: ECF No. 27 |

Before the Court is Plaintiff Toto, Inc.'s motion for relief from Magistrate Judge Ryu's Order on Joint Discovery Letter, ECF No. 23, denying Toto's motion to compel discovery responses to a third party subpoena it issued to Apple, Inc.  Mot., ECF No. 27.

A district court may modify or set aside a magistrate judge's nondispositive order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. 636(b)(1)(A).  See also Fed. R. Civ. P. 72(a); Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991).  A magistrate judge's resolution of a discovery dispute is "entitled to great deference."  Doubt v. NCR Corp., No. 09-cv-5917-SBA, 2011 WL 5914284, at *2 (N.D. Cal. Nov. 28, 2011).  "A finding of fact is clearly erroneous" if the court is left with the "definite and firm conviction that a mistake has been committed."  Burdick v. C.I.R., 979 F.2d 1369, 1370 (9th Cir. 1992).  "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard."  Conant v. McCoffey, No. 97–0139-FMS, 1998 WL 164946, *2 (N.D. Cal. Mar.16, 1998) (citing Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989)).  Mixed questions of fact and law are reviewed *de novo*.  United States v. McConney, 728 F.2d 1195, 1202–03 (9th Cir. 1984) (en banc), overruled on other grounds by Estate of Merchant v. C.I.R., 947 F.2d 1390, 1392–93 (9th Cir.1991).  However, where "factual issues predominate," the "clearly erroneous" standard applies.  Garvais v. United States, 421 F.

1   App'x 769, 770 (9th Cir. 2011).

2       The subpoena at issue sought from non-party Apple the production of agreements between
3   Apple and non-party UMG Recordings, Inc.  Toto contends the agreements, which were the
4   subject of the Ninth Circuit's decision in <u>F.B.T. Productions, LLC v. Aftermath Records</u>, 621 F.3d
5   958, 964–66 (9th Cir. 2010), are relevant to its underlying case against Defendant Sony Music
6   Entertainment, now pending in the Southern District of New York, Case No. 12-cv-1434-RJS.
7   Toto claims that its agreements with Sony are similar to the agreements at issue in <u>F.B.T.</u>, but the
8   full agreements in that case were filed under seal.  Toto wants to compare the agreements with its
9   own in order to establish that its agreements with Sony are license agreements, just as the
10  Apple/UMG agreements were held to be in <u>F.B.T.</u>

11      Judge Ryu found that the documents are not relevant because "whether any particular case
12  is applicable precedent is not a proper subject for factual discovery from a non-party."  ECF No.
13  23 at 3.  Because Toto failed to assert that the agreements it seeks are factually connected to the
14  underlying suit in any way, but instead are sought in order to "go beyond the four corners" of the
15  Ninth Circuit's <u>F.B.T.</u> decision in Toto's own litigation with Sony, Judge Ryu denied Toto's
16  motion to compel.

17      Toto contends that Judge Ryu erred in reaching this conclusion, but cites no authority
18  holding that documents are discoverable from a third party solely because the third party was party
19  to a different, unrelated lawsuit concerning a similar legal question.  In denying the motion to
20  compel, Judge Ryu noted that, under Toto's logic, any party in a breach of contract case that finds
21  a breach of contract decision helpful to its client would be entitled to obtain discovery from the
22  parties to the unrelated case, even though neither the non-parties nor their contracts have any
23  factual connection to the litigation.  This Court finds Judge Ryu's reasoning persuasive.

24      Toto's additional arguments that the agreements it seeks are not confidential, or that any
25  confidentiality concerns could be mitigated through a protective order, miss the point.  Apple
26  objected on relevance grounds, which Judge Ryu sustained.  This means the documents are not
27  discoverable whether or not they are confidential.

28      Finally, Toto argues UMG lacked standing to resist compliance with the subpoena.

1  Because Toto did not raise that argument before Judge Ryu, the Court declines to consider it.  See
2  Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988) overruled on
3  other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992).
4  Toto has failed by a wide margin to meet its burden of demonstrating that Magistrate Judge
5  Ryu's conclusions of fact were clearly erroneous or that her conclusions of law were contrary to
6  law.  Toto's motion for relief is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 20, 2014



JON S. TIGAR
United States District Judge